# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BURGOS, | No. 3:20-CV-00135 |
| Plaintiff, | (Judge Brann) |
| v. | |
| DR. DOLL and I. MYERS, | |
| Defendants. | |

## MEMORANDUM OPINION

### JUNE 2, 2021

Plaintiff David Burgos, an individual who was formerly incarcerated at the State Correctional Institution at Benner in Benner Township, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment medical care claim against Defendants regarding surgery he received at SCI Benner.[1] Presently before the Court is Defendant Myers' motion for summary judgment, which Plaintiff has not opposed[2] and the notice of death of Defendant Dr. Doll, which has been filed by her counsel.[3] For the reasons that follow, the Court will grant Defendant Myers' motion for summary judgment and dismiss Defendant Dr. Doll.

---

[1] Doc. 1.
[2] Doc. 49.
[3] Doc. 54.

## I. FACTUAL BACKGROUND

### A. Allegations of the Complaint

Plaintiff initiated this civil action by complaint on January 27, 2020, against Defendants Dr. Doll, Corrections Officer I. Myers, Jeff Boland, B.M. Booher, and Keri Moore.[4] Only Defendants Dr. Doll and C.O. Myers remain in this action, with the other Defendants having been previously dismissed.[5]

On October 18, 2017, at approximately 9:45 to 10:15 a.m., Plaintiff was escorted by Defendant Myers to the medical department at S.C.I. Benner Township for sick call so that Plaintiff could be seen by a doctor for a lump on the side of his jaw.[6] Plaintiff was seen by Defendant Dr. Doll, who performed "unauthorized surgery" without Plaintiff's consent.[7] Plaintiff was given a direct order by Defendants Doll and Myers to have the surgery.[8] Plaintiff suffered pain and damage from the surgery and the lump continued to grow after the surgery;[9] he later had to have additional surgery by non-party Dr. Yikao.[10] In the complaint, Plaintiff alleges an Eighth Amendment medical care claim against the Defendants.[11]

---

[4] Doc. 1.
[5] *See* Doc. 9.
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 3.

2

### B. Undisputed Facts

Plaintiff had a lump on his chin and neck area that had been changing in size leading up to October 2017.[12] Plaintiff claims that on October 18, 2017, he was escorted by Defendant Myers and another corrections officer to a medical room with the doctor, Defendant Myers, and a nurse.[13] The doctor advised him that the lump was an abscess and needed to be drained.[14] Plaintiff had been told previously by a physician's assistant that it was not an abscess, so he refused to let the doctor perform surgery.[15] The doctor and Defendant Myers gave him a direct order to have the surgery.[16] Even after the direct order from Defendant Myers, Plaintiff never consented to the surgery, which he specifically stated by saying something like "don't cut my face."[17] The doctor nevertheless performed the surgery.[18] After the surgery, Defendant Myers and the others in the room made jokes and called him a guinea pig.[19]

A few days later, the area became infected and the lump continued to grow.[20] Plaintiff was seen by nurses every day after the October 2017 procedure when they

---

[12] Doc. 51 at 1.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.* at 2.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

brought him his medication on their rounds.[21] Plaintiff had an additional surgery in the same chin and neck area in February 2018.[22] Plaintiff continued to suffer from a tingling sensation in that portion of his chin and neck.[23]

## II.  STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[24] A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[25] A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[26] The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.[27] When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[28]

Initially, the moving party must show the absence of a genuine issue concerning any material fact.[29] Once the moving party has satisfied its burden, the

---

[21]  *Id.*
[22]  *Id.*
[23]  *Id.*
[24]  Fed. R. Civ. P. 56(c).
[25]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[26]  *Id.* at 250.
[27]  *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[28]  *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").
[29]  *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).

non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[30] "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[31] "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[32]

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'"[33] Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[34]

Here, Plaintiff has failed to oppose the motion or the facts asserted in Defendants' statement of facts. Pursuant to Federal Rule of Civil Procedure 56(e),[35] the Court has reviewed the statement of facts, as well as each fact's citation to the

---

[30] *Anderson*, 477 U.S. at 257.
[31] *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).
[32] Fed. R. Civ. P. 56(e)(2)-(3).
[33] *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).
[34] *Celotex Corp.*, 477 U.S. at 322.
[35] *See* Fed. R. Civ. P. 56(e)(1).

record and will consider each fact undisputed.[36] As such, summary judgment is appropriate in this matter.[37]

## III. DISCUSSION

### A. Defendant Myers' Motion for Summary Judgment

Plaintiff has brought his Eighth Amendment medical care claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[38] "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[39]

---

[36] *See* Fed. R. Civ. P. 56(e)(2).
[37] *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.").
[38] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
[39] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

At to Plaintiff's Eighth Amendment medical claim, "[i]n order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."[40] "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."[41] This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients.[42] Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment.[43]

Notably, when a prisoner has received medical care and treatment, and the dispute is over the type or adequacy of the treatment, courts are reluctant to second guess the medical providers' judgment.[44] The key question is whether the defendant has provided the plaintiff with treatment, regardless of whether it is the plaintiff's

---

[40] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[41] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[42] *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa. 1996).
[43] *Id.*
[44] *See, e.g., Inmate of Allegheny Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Ellison v. Scheipe*, 570 F. Supp. 1361, 1363 (E.D. Pa. 1983).

desired course of treatment.[45] Further, "[i]f a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."[46] Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."[47]

Here, Defendant Myers reasonably relied on the medical judgment and expertise of Dr. Doll, who diagnosed Plaintiff with an abscess and informed him that he needed surgery. That Plaintiff was previously informed by a physician's assistant that the lump was not an abscess and that this observation persuaded Plaintiff that he did not want the surgery performed cannot establish the deliberate indifference necessary to state a constitutional violation under the Eighth Amendment. In sum, it is reasonable for a prison official to rely on the medical judgment of the treating physician and not a physician's assistant.

Notably, mere disagreement over a course of treatment is also insufficient to establish an Eighth Amendment medical claim. Because Defendant Myers was not

---

[45] *See Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).
[46] *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).
[47] *Id.*

deliberately indifferent to Plaintiff's serious medical need, the Court will enter summary judgment in Defendant Myers' favor.[48]

B.      **Notice of Death of Defendant Dr. Doll**

Counsel for Defendant Dr. Doll filed a notice of Dr. Doll's death pursuant to Federal Rule of Civil Procedure 25(a)(1) on February 26, 2021.[49] In it, counsel explains that Dr. Doll died on January 12, 2021.[50]

Federal Rule of Civil Procedure 25 provides, in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.[51]

No party nor the decedent's successor or representative has filed a motion for substitution, and the time for doing so expired on May 27, 2021. Accordingly, the action against Dr. Doll will be dismissed.

---

[48] To the extent that Plaintiff alleges that Defendant Myers made unkind remarks to him about the surgery, although they may be insensitive, words alone are insufficient to establish a constitutional violation. *See*, *e.g.*, *Burkholder v. Newton*, 116 F. App'x 358, 360 (3d Cir. 2004); *Wilson v. Horn*, 971 F. Supp. 943, 948 (E.D. Pa. 1997) ("The verbal abuse and harassment of which he complains, although not commendable, does not rise to the level of a constitutional violation."), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (table).
[49] Doc. 54.
[50] *Id.* at 1.
[51] Fed. R. Civ. P. 25(a)(1)

## IV. CONCLUSION

Based on the foregoing, the Court will grant the motion, enter judgment in favor of Defendant Myers, and dismiss Defendant Dr. Doll.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge